UNITED STATES DISTRICT COURT
for the
Southern District of New York

NAQUAN GLADDEN                              )
                                           )
                        Plaintiff          )
                                           )
                    V.                     )
THE CITY OF NEW YORK, NEW YORK             )
POLICE DEPARTMENT, THE AMERICAN            )
BAR ASSOCIATION, DISTRICT ATTORNEYS        )
OFFICE OF NEW YORK COUNTY, JUDGE           )
FARBER    , JUDGE,JOHN DOE                 )
                    ASSISTANT DISTRICT     )
ATTORNEY MEGAN MCDERMOTT DISTRICT          )
ATTORNEY HON. CYRUS VANCE  LEGAL           )
AID ATTORNEY ANTON ROBINSON                )
OFFICERS JANE AND JOHN DOE                 )
                                           )
                                           )
                                           )
                        Defendant.         )

16CV 8806

(Defendant's name and address)
To:  Corporation Counsel of the city
of New York,
Attorney for Defendants
100 Church Street, 4th Floor,
New York, N.Y. 10007


Comptroller of the City of New York
C/O Corporation Counsel of the City
of New York
100 Church Street, 4th Floor
New York, N.Y. 10007


New York City Police Department
One Police Plaza
New York, N.Y. 10038-1497
and
c/o Corporation Counsel of the
City of New York
100 Church Street, 4th Floor
New York, NY 10007

HON. CYRUS VANCE Jr.
DISTRICT ATTORNEYS OFFICE OF NEW
YORK COUNTY
1 Hogan Place
New York, New York

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------X
NAQUAN GLADDEN,

                              Plaintiff,

        -against-                                    VERIFIED COMPLAINT
                                                     Plaintiff Proceeding
THE CITY OF NEW YORK, NEW YORK POLICE                      Pro Se
DEPARTMENT, THE AMERICAN BAR ASSOCIATION,
DISTRICT ATTORNEYS OFFICE NEW YORK
COUNTY, JUDGE FARBER     , JUDGE JOHN DOE,
                               ASSISTANT
DISTRICT ATTORNEY MEGAN MCDERMOTT
DISTRICT ATTORNEY HON. CYRUS VANCE,
LEGAL AID ATTORNEY ANTON ROBINSON,
OFFICER JOHN DOE, AND JANE DOE.


                              Defendant.
---------------------------------------------X
                    INTRODUCTORY STATEMENT

1.      This action is for damages sustained by plaintiff NAQUAN

GLADDEN, (hereinafter referred to as GLADDEN OR   plaintiff) and

against the CITY OF NEW YORK, (hereinafter referred to as CITY

and/or defendant), NEW YORK CITY POLICE DEPARTMENT, (hereinafter

referred to as NYPD and/or defendant), THE AMERICAN BAR ASSOCIA-

TION, (hereinafter referred to as the BAR and/or defendant),

and the office of the DISTRICT ATTORNEY OF THE COUNTY OF NEW

YORK, (hereinafter referred to as DISTRICT ATTORNEY NEW YORK

COUNTY, DA NEW YORK COUNTY, DA'S OFFICE NEW YORK COUNTY and/or

defendant),who through its agents, employees and/or assigns

unlawfully conspired, arrested, harassed and improperly prose-

cuted and/or continued to prosecute, and intimidate the plaintiff

GLADDEN,     via a criminal case amounting to malicious prose-

cution, in thier failure and/or refusal to investigate the denial

of the plaintiffs "STATUTORY RIGHTS" namely his right to a "PRE-

his expressed desire to so appear and the failure to remedy the
violation after the same was bought to their attention by way
of "MOTION NOTICE TO DISMISS", as well as the defendant LEGAL
AID ATTORNEY ROBINSON        unlawful waiver of the plaintiffs
"STATUTORY RIGHTS" to the "PRELIMINARY HEARING" and "GRAND JURY"
including but not limited to the CITY by the AMERICAN BAR ASSOC-
IATION and/or HON. CYRUS VANCE  and/or office of the DISTRICT
ATTORNEY OF NEW YORK COUNTY, who did nothing meaningful to in-
vestigate the denial of the plaintiffs allegations of conspiring
to arrest him nor of his prooffered showing of the denial of his
"STATUTORY RIGHTS" nor of the NYPD OFFICERS who did so conspire
to deprive  plaintiff   of his "CIVIL and/or CONSTITUTIONAL
RIGHTS" to due process and equal protection of law, as well as
defendant(s) JUDGE FARBER ─  JUDGE JOHN DOE _ADA MEGAN
MCDERMOTT           DA HON. CYRUS VANCE AND ATTORNEY ROBINSON,
    in their clear conspiracy to deny and/or deprive a citizen
of his fundamental "STATUTORY" and thereby "CONSTITUTIONAL RIGHT(S
and for all defendant(s) failure to take corrective actions after
said clear violations were bought to their attention, whose viciou
propensities to so deny African American citizens and other minori
groups the mandated "PRELIMINARY HEARING", and/or to properly
train and/or supervise said personel, or to implement meaningful
procedures to discourage lawless official conduct, same is/are
sued as a "person" under Title 42 USC 1983; in violation of Title
18 USC 241 and 242, which resulted in false imprisonment, mental
and emotional distress to the plaintiff GLADDEN NAQUAN vis a vis
the illegal denial of his "STATUTORY RIGHT"(S), to the mandated

4

"PRELIMINARY HEARING" and his right to appear and be heard by the "GRAND JURY" and the conspiracy of all defendant(s) to so deprive the PLAINTIFF, and/or hide the facts hereinafter stated, to therefore keep the plaintiff incarcerated and to intimidate the same to take a plea deal of guilty under the same.

2.      Through defendant(s) deliberate indifference and their conspiratorial acts and/or their failure to act as was prescribed by law as to defendants CITY, THE BAR,,the HON. CYRUS VANCE, DISTRICT ATTORNEYS OFFICE OF NEW YORK COUNTY and HON. JUDGE FARBER HON. JUDGE JOHN DOE , ASSISTANT DISTRICT ATTORNEY MEGAN MCDERMOTT, LEGAL AID ATTORNEY ANTON ROBINSON,who failed  to take reasonable and prudent steps as was required to safeguard the PLAINTIFFS  rights and not to enter into any conspiracy that would so deny the plaintiff any guaranteed "STATUTORY" and/or "CONSTITUTIONAL" RIGHT(s).

## JURISDICTION

3.      This action arises under Section(s) 1981, 1983, 1985, 1986, and 1988 of Title 42 of the United States Code, and the First, Fourth, Sixth, Eighth and Fourteenth Amendment of the Constitution of the United States, and under the Constitution of the State of New York and the case law arising thereunder in simular 1983 matter and the like

## PARTIES

4.      At all times relevant to the allegations of this complaint, plaintiff GLADDEN       ) is an individual currently residing in the Manhattan detention Complex 125 White Street, New York, New York 10013 , which is in the Southern District of New York.  That at

5

all times hereinafter mentioned, the defendants CITY  NYPD, THE BAR, HON CYRUS VANCE J, D.A OF NEW YORK  COUNTY and the NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE and was is/are and still is/are a domestic and public benefit corporations, organized and existing under and by virtue of the laws of the State of New York.

5.    At all times hereinafter mentioned the Defendant THE CITY OF NEW YORK, (hereinafter referred to as "CITY" or defendant), is on information and belief is a municipal corporation duly organized and/or chartered by the State of New York and has designated the Corporation Counsel of the City of New York to accept service at 100 Church Street, New York  N Y. 10007.

6.    That NYPD is on information and belief owned, operated and/or subject to directives of the defendant CITY as are their supervisors, employees, police officers,etc.

7.    At all times relevant, defendants NYPD is/are a municipal corporation(s) duly form pursuant to the laws of the City and State of New York, and/or an agency, subdivision, department, of the defendant CITY OF NEW YORK duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and or by virtue of the laws of the State of New York and was the employer and supervisor of defendant NYPD  and/or super-visory staff and/or detectives and/or police officers and staff. As such, it (NYPD,CITY) was/were responsible for training, super-vision and conduct by defendant'. CITY/Defendant was also respon-sible, under law, for enforcing the regulations of the NYPD and/or for ensuring that CITY OF NEW YORK.NYPD and/or supervisory staff, and personnel, as well as police officers in the employ of the

6

NYPD obey the laws of the City and State of New York and of the United States and prosecute and enforce said laws. As such defendants NYPD and CITY was/were responsible for training, supervision and conduct by said named defendants police officer JOHN AND JANE DOE as well as all police agents who may have been involved. Defendant CITY was responsible, under law, for enforcing the regulation of the NYPD and for ensuring that the CITY OF NEW YORK, NYPD, and/or their respective supervisory staff, and personnel, as well as police officers in the employ of the NYPD obey the laws of the State of New York and of the United States and carry out, prosecute and enforce said laws.

8.    At all times relevant, defendant JANE AND JOHN DOE POLICE OFFICERS as well as all its agents involved are employees of the NYPD/CITY and on information and belief were in the employ of the NYPD and working and/or at the time of the said egregious illegal entry into his dwelling, illegal detention and/or arrest and conspiracy against the plaintiff GLADDEN     the use of excessive force and the illegal search and seizure of the plaintiffs' premises and the wanton destruction of the plaintiffs personal property and the invasion of his privacy and the subsequent acts of malicious prosecution of plaintiff in the wake of their case on false allegation against plaintiff which       are the crux of the conspiracy to so deny him his civil rights. The names and address of the said other defendants e.g. POLICE OFFICERS JANE AND JOHN DOE and any other officers involved    as to name and address are unknown to plaintiff. Said police officers are responsible, under law, for enforcing and arising by the regulations of the NYPD and the laws

7

of the CITY and the State of New York and of the United States and for ensuring that their co-workers, other NYPD personnel, City of New York personnel, and the like obey the laws of the City and Stat of New York and of the United States. At all times relevant hereto and in all their actions described herein, said defendant police officers, NYPD personnel, etc. were acting under the color of law and pursuant to their authority as NYPD personnel/officers.

9.    HON. CYRUS VANCE (hereinafter referred to as VANCE, and/or defendant) is the duly elected DISTRICT ATTORNEY OF NEW YORK COUNTY who maintains and responsible for the offices of the DISTRICT ATTORNEY OF NEW YORK COUNTY at 1 hogan Place , New York, N.Y. County of New York , City and State of New York and is charged with the resp nsibilities of prosecuting all New York State Law criminal matters in the County of New York, State of New York including but, not limited to prosecutions, presentments and proceedings before the

COUNTY Grand Jury, criminal proceedings in the Criminal Court and Supreme Court Criminal matters in NEW YORK COUNTY. In addition thereto VANCE is charged with the responsibility of the Assistant District Attorneys of New York County and all staff members including investigators, the coordination of criminal prosecutions e.g. presentments to the Grand Jury with the NYPD and/ or other law enforcment agencies and the like and in protecting the rights of citizens of the County of New York and of the City and State of New York and the United States. The DISTRICT ATTORNEY'S OFFICE OF New York COUNTY located at 1 Hogan Place, New York, New /york is a law enforcment entity duly constituted by the State of New York to prosecute/litigate criminal matters in New York County

8

in the Criminal Court and Supreme Court to conduct Grand Jury
proceedings and the like.   HON.CYRUS VANCE  and the DISTRICT ATTOR-
NEY'S OFFICE OF NEW YORK COUNTY are located in the SDNY.

10.     At all times relevant, defendants THE AMERICAN BAR ASSOCIA-
TION, HON. FARBER              , HON  JUDGE JOHN DOE
,ADA MEGAN MCDERMOTT  AND LEGAL AID ATTORNEY ANTON ROBINSON are
employees of the CITY of New York and on information and belief
were in the employ of the City and/or State of New York and those
who are named in this complaint as individual defendants and whose
addresses are unknown other than c/o NYPD or BAR other NYPD police
officers, detectives, supervisors and/or personnel at the precinct
in question, including but not limited to supervisors, the officers
and/or staff, whose identities are presently unknown to plaintiff
and/or are on information and belief were NYPD personnel, staff,
detectives, sergeant, lieutenant and/or criminal court Judges, Pro-
secuting Attorneys,, legal Aid Attorneys, criminal court clerks
and/or criminal court personnel employed by the CITY, to perform
duties for the CITY OF NEW YORK and elsewhere.  At all times
relevant, defendants above-named were acting in the capacity of
agents, servants and employees of defendant CITY OF NEW YORK and
are sued individually and     in their official capacity.

## FACTUAL ALLEGATIONS

11.     A general synopsis of the 6/3/2016 incident which is the
initial incident addressed in the instant summons and complaint
are set forth with specificity in the Plaintiffs' Notice of Inten-
tion to File Claim that was duly served on

12.     On or about 6/3/2016 approximately two (2) uniformed NYPD

9

13.     approached the plaintiff as he was walking back to his
medical appointment at the metropolitan hospital to see a doctor
about a serious medical condition. The plaintiff just finished
speaking to his wife who had called him from the hospital request-
ing that he take his daughter so that she could go to work.  The
plaintiff informed her that she was causing him to violate the
order of protection that was issued a disagreement issued and the
plaintiff walked away from his wife and was then accosted by the
officers who requested his identification, which he provided to
them without incident.  After the officers ran a check on the
plaintiffs he was then placed in handcuffs and taken to the prec-
inct and charged with violating and order of protection.

14.     The plaintiff was arraigned on felony charge of criminal
contempt in the first degree.     At the arraignment despite the
plaintiffs expressed desire to testify before the "GRAND JURY"
his court appointed "LEGAL AID ATTORNEY" defendant ROBINSON waived hi
right.  Whereafter, the plaintiff was indicted on the charge of
Criminal contempt in the first degree.

15.     At the subsequent arraingment on the illegal indictment on
or about the 23 day of Agust 2016,  , the plaintiff expressed his
disagreement with his appointed counsel for waiving his appearance
before the  GRAND JURY" and was thereafter informed that the attorne
could waive the plaintiffs' right to appearance  before the Grand
Jury" and that "that ship had sailed, there was no going back to
the Grand Jury".

16.     However, plaintiff learned that the Statute clearly states

to the mandatory "Preliminary Hearing", which resulted in the
plaintiff having to stay locked away in jail and/or prison for
longer periods of time. This practice  which the plaintiff now
complains against the above stated defendants has been a on going
policy created some time after the legislators enacted the statutor
mandate to a preliminary hearing based upon a United States Court
ruling, This practice has denied him  equal protection of law.

17.     The plaintiff has suffered from the action of the defendant
namely MCDERMOTT,     who despite having clear knowledge of her
obligation to conduct a preliminary hearing on behalf of the People
of the State of New York City failed to do so and    she was in-
formed of her error by way of a motion to dismiss the present in-
dictment for said denial of the plaintiffs statutory rights the
defendant failed to respond to the motion as is required by law
thereby conceeding to each and every argument that was made by the
plaintiff, at which time the plaintiffs motion should have been
granted.

18.     The plaintiff continued to suffer from the actions of the
defendants namely the Hon. FARBER      who arbitrarily denied th
plaintiffs motion while stating on the record that the plaintiff
had a right to demand a "preliminary hearing", nevertheless he still
denied the plaintiffs motion despite the fact  that the DA  defend-
ant MCDERMOTT    did not see fit to even respond in opposition to
it.

19.     The plaintiff was made to further suffer from the actions of
the defendant Judge          who continiued the conspiracy in his
failing to correct the error of the "preliminary hearing", viola-

11

that the accused if not satisfied with the procedures of the Grand Jury or a denial of the same could file a notice to appear before the Grand Jury within five days of the arraignment on the indictment. Defendants JUDGE FARBER, ADA MCDERMOTT AND LEGAL AID ATTORNEY ROBINSON,      were all aware of the statute and its provisions and therefore knew or should have known that the plaintiff rights were being violated.

20.     Thereafter plaintiff  |     being disgruntled about the illegal waiver of his right to the Grand Jury began to further research the laws of New York State and discovered that he had als been denied his right to the "PRELIMINARY  HEARING" a hearing which according to the United States Supreme Court ruled was a "critical stage of the proceedings" and could not be waived by no other than the plaintiff.

21.     During this discovery the plaintiff learned that not only was he entitled to a "Preliminary Hearing" but that the Court namely Defendant JUDGE JOHN DOE    had an obligation to inform the plaintiff of the charges against him and that he had a right to a preliminary hearing, the statute further states that defendant

        had a continued obligation to do everything in her power to affectuate the plaintiffs rights to the preliminary hearing, she failed. leaving the plaintiff to fight without the benefit of the  Constitutional provisions set in place to safeguard the plaintiffs rights thereto.

22.     The plaintiff further argues that from his very first encounter with the  criminal justice system its employees have consistantly and insidiously denied the  plaintiff his statutory right

12.

tion where it was clearly presented with the evident facts so as any prudent seeker of justice would have so been aware of those facts and the supporting "STATUTES".

23.    The plaintiff GLADDEN,    was further made to suffer in that his appointed counsel failed to safeguard his rights as was her job, in that she knowingly allowed without opposition the DA and Court to systematically    deny the plaintiff his statutory right to the "preliminary Hearing" a right so fundamental that a laymen such as the plaintiff could uncover it but, so critical that the United States Supreme Court "RULED" that all states "MUST" have a "PROBABLE CAUSE" hearing.  The STATE OF NEW YORK chose Criminal Procedure Law §§§ 180.10, 180.60 and 180.70 but, have created a policy in which they systematically use the "GRAND JURY" to some- how circumvent their obligation under the "STATUTES".

24.    The plaintiff was made to further suffer by the inaction of defendant CYRUS VANCE,  was not diligently aware of or allowed a policy to be born and or carried on without any correction until this date as well as the CITY OF NEW YORK.,the AMERICAN BAR ASSOC- IATION and  THE NEW YORK CITY DISTRICT ATTORNEYS  OFFICE  who like- wise failed to correct this unconstitutional practice and or policy that has been being used to deprive "AFRICAN AMERICAN" citizens their "CONSTITUTIONAL" right to due process, equal protection of the law and the effective assistance of counsel, which the plaintiff was certainly denied by way of this policy to not hold or inform the plaintiff of the right to a "Preliminary Hearing".

25.     Plaintiffs          causes of action for illegal detention based upon the defendents denial of his "STATUTORY" right to the "PRELIMINARY HEARING" has been a continuous practice and/or policy that has been invoked upon him since his very inception into the criminal justice system dating back to _____, at no time until the present date has the plaintiff been afforded a preliminary hearing. Said deprivatiion is clearly based upon the fact that  the plaintif is a citizen of African American decent.

26.     Upon information and belief the abuse to which the plaintif was subjected was/is consistent with institutionalized practicers of the CITY OF NEW YORK, the NYPD, NYS BAR ASSOCIATION, and of HON. FARBER .     and the DISTRICT ATTONEYS OFFICE OF NEW YORK  COUNTY, which was known to and ratified by defendant CITY OF NEW YORK,

said defendants having at no time taken any effective action to prevent the above stated defendants and/or its personnel and/or the DISTRICT ATTBRNEYS OFFICE OF NY  COUNTY from continuing to engage in such misconduct.

27.     Upon information and belief, defendants CITY OF NEW YORK and/or the DISTRICT ATTORNEYS OFFICE and/or LEGAL AID SOCIETY as well as the NYPD authorized, tolerated as institutionalized prac- tices, and failed to ratify  the misconduct herein before detailed by failing to properly train, discipline, restrict and or control its employees, staff, supervisors, and/or supervise staff of the DA's office, by failing to forward to the office of the DISTRICT ATTORNEY OF THE COUNTY OF NEW YORK evidence of illegal acts com- mitted by the defendants and by further failing to correct said misconduct, and/or negligent failure to act to secure the safety

of a citizen and to prevent further violence to that citizen but
instead responded to such valid complaints of the plaintiff suppor-
ed by others and official denials calculated to mislead the public
and actions taken to denigrate and punish the innocent citizen who
fastidiously took every step humanly possible to try to gain the
attention of those responsible for the plaintiffs illegal detenion.
This conduct also constitutes negligence and/or gross negligence
under state law and is applicable to the detention and loss of
liberty claims of plaintiff and his invasion of privacy claims.

28.     HON.CYRUS VANCE  and/or DISTRICT ATTORNEY'S OFFICE OF NEW
YORK COUNTY negligently failed to properly supervise and monitor
and negligently conducted the prosecution of the defendant (herein
the plaintiffGLADDEN that his said offices by withholding inform-

ation and/or evidence as well as upholding the unlawful denial
of the plaintiffs statutory right to the preliminary hearing
and his counsel and/or its failure to adequately investigate
claims made by a criminal defendant and their counsel, herein
specifically the plaintiff  __   and failing to establish and/or
assure the functioning of a meaningful department system for
dealing with complaints against the DISTRICT ATTORNEY'S OFFICE,
NYPD, the BAR and/or LEGAL AID SOCIETY.

29.     That these claims are verified by the twentyfive year
interaction of the plaintiff with THE NEW YORK COUNTY and/or CITY
criminal justice department starting with a __  conviction and
carring on through the years of           __  and finally
wherein at no time was the plaintiff informed by any criminal or

30.    Plaintiff GLADDENS, causes of action for illegal detention based upon the defendants denial of his "STATUTORY" to the "PRE-LIMINARY HEARING" has been a continuous practice and/or policy that has been invoked him since his inception into the criminal justice system.  Said deprivation is clearly based upon the fact that the plaintiff is a citizen of African American decent.

31.    Upon information and belief the abuse that the plaintiff was subjected to was/is consistant with institutional practices of the CITY OF NEW YORK, the NYPD, NYS BAR ASSOCIATION, and of HON. CYRUS VANCE and the DISTRICT ATTORNEYS OFFICE OF NEW YORK COUNTY, which was known to and ratified by defendant CITY OF NEW YORK, said defendants having at no time taken any effective actions to prevent the above stated defendants and/or its personnel and/or the DISTRICT ATTORNEYS OFFICE OF NY COUNTY from continuing to engage in such misconduct.

32.    Upon information and belief, defendants CITY OF NEW YORK and/or the DISTRICT ATTORNEYS OFFICE and/or LEGAL AID SOCIETY as well as the NYPD authorized, tolerated as institutionalized practices and failed to ratify the misconduct herein before detailed by failing to properly train, discipline, restrict and/or control its employees, staff, supervisors, and/or supervise staff of the DA's office, by failing to forward to the office of the DISTRICT ATTORNEY OF NEW YORK COUNTY evidence of illegal acts committed by the defendants and by further failing to correct said misconduct, and/or negligent failure to act to secure the safety a citizen and to prevent further violence to that citizen but, instead responded to such valid complaints of the plaintiff supported by others and official

16

denials calculated to mislead the public and actions taken to de-
igrate and punish the innocent citizen who fastidiously took every-
step humanly possible to try to gain the attention of those res-
ponsible for the plaintiffs illegal detention.  This conduct also
constitutes negligence and/or gross negligence under state law and
is applicable to the detention and loss of liberty claims of plain-
tiff and the illegal seizure of his person.

33.     HON. CYRUS VANCE and/or DISTRICT ATTORNEY'S OFFICE OF NEW
YORK COUNTY negligently failed to properly supervise and/or monitor
and negligently conducted the prosecution of the plaintiff GLADDEN,
and that his said office by withholding information and/or evidence
as well as upholding the unlawful denial of the plaintiffs statory
rights to the preliminary hearing and his counsel and/or its failure
to adequately investigate claims made by a criminal defendant and
their counsel, herein, specifically the plaintiff GLADDEN and fail-
ing to establish and/or assure the functioning of a meaningful de-
partment system for dealing with complaints against the DISTRICT
ATTORNEYS OFFICE, NYPD, the BAR and/or LEGAL AID SOCIETY.

34.     That these claims are verified by the fact that at no time
was the plaintiff informed by any criminal or supreme court judge
of his statutory right to the preliminary hearing as was required
by law, which a prudent and non-conspiring judge, DA, and/or atttorney
would so have informed the plaintiff.  A hearing ruled upon by the
United States Supreme Court and thereafter the New York State legis-
lature inacted the Criminal Procedure Law Statute of a mandatory
"PRELIMINARY HEARING" which all of the defendants herein above stated
have conspired to willfully deny the plaintiff causing mental and

emotional distress and injury again as well as the injuries sustained
by the plaintiff while in the custody of the Department of Correct-
ions and defendants were put on notice by notice of intention of
claim on or about 10/5/16.

the New York State legislature inacted the Criminal Procedure Law
Statute of a mandatory "PRELIMINARY HEARING" which all of the
defendants herein above stated have conspired to willfully deny
the plaintiff causing mental and emotional distress and injury
again as well as the injuries sustained by the plaintiff while
in the custody of the Department of Corrections and defendants
were put on notice by notice of claim in ___ .

## FEDERAL CAUSES OF ACTION

35.     Each and every allegation set forth in Paragraphs "1"
through "34" is incorporated herein by reference.

36.     The above described actions and omissions engaged in
under color of state authority by defendants, including defendants
CITY, NYPD, BAR, HON. CYRUS VANCE, DISTRICT ATTORNEY'S OFFICE
COUNTY, etc. responsible because of its authorization, condon-
ation and ratification thereof for the acts of its agents, deprived
plaintiff of rights secured to him by the Constitution of the United
States, including, but not limited to his Fourth Amendment rights
to be free from illegal search and seizure without a warrant and
for false arrest and imprisonment to be free from unjustified and
excessive force utilized by the police, and his Eighth Amendment
right to be free from cruel and unusual punishment and Fourteenth
Amendment right to due process and equal protection under the laws,
and his 6th Amendment right to a fair trial

## ATTORNEYS' FEES AND JURY TRIAL

37.     Plaintiff is entitled to an award of attorneys' fees, pursuant to 42 U.S.C 1988(b); 42 U.S.C. 1983. Plaintiff requests a trial by jury.

WHEREFORE, plaintiff      demands the following relief, because plaintiff believes that the defendants are not exempt from suit because their actions herein above depicted do not fall within the  scope of their official duties but falls squarely outside of it and seeks to deprive a citizen of rights guaranteed by the United States Constitution; whereas the acts believed to have been done deliberately so as not to be protected by their official offices, they are sued in the individual and official capacities, jointly and severally, against each defendant Twenty million ($20,000,000.00) dollars against each defendant in negligence, for false arrest, false imprisonment, fraud, intentional infliction of mental distress, by denying a statutory right and thereby a Constitutional right against a citizen of the United state in violation of Title 18 USC §§ 241/242, Primal facie tort, Abuse of Process/Procedures, Filing a false complaint, malicious prose-cution in favor of plaintiff against each individual defendant; Punitive Damages for racial discrimination and racial profiling Twentyfive million ($25,000,000.00) against each defendant, Compensatory Damages Twenty million ($20,000,000.00) against each defendant; plaintiff demands judgment of Two hundred eightyfive million ($285,000,000.00) For the collective conspiracy to deprive the plaintiff of Statutory right and thereby a constitutional right.

1. Negligence
2. False Arrest
3. False Imprisonment
4. Fraud
5. Intentional Infliction of mental distress
6. Violating Title 18 USC §§ 241 and 242
7. Primal Facie tort.
B. Abuse of Process/Procedure

9. Filing a false complaint and/or attempt and/or conspiracy to file a false complaint.
10. Conspiracy to deprive a citizen of a Statutory right and thereby a constitutional right.
11. Malicious Prosecution
12. Racial discrimination/profiling.

WHEREFORE, the plaintiff further demands that the hearing court administer an injunction compelling the defendants to resume conducting "PRELIMINARY HEARINGS" until such time as the legislature repeals said statute. WHEREAS, all defendants actions in so conspiring and/or failing to correct said conspiriterial acts which fall squarely outside the scope of their official duties thereby lifting their immunity protection and therefore the only right-sence of justice would be such a sanction.

TOTAL AMOUNT CLAIMED: $1,000,000,000.00.

A. Plaintiff __ demands Tort Claims, Twenty million ($20,000,000.00) dollars against each defendant or Twenty million ($20,000,000.00) dollars.
B. Compensatory Damages in the amount of Twenty million ($20,000,000.00) dollars against each defendant;
C. Punitive Damages in the amount of Twenty Five million ($25,000,000.00) against each defendant;
D. for the collective 30 year conspiracy to deprive a citizen (the plaintiff) of a Statutory right and thereby a Constitutional right, Two hundred and eighty five million ($285,000,000.00) dollars.
E. Plaintiff ___ further demands an injunction

which will require all New York City Courts
and its appointed officials to afford each
and every criminal defendant who they attempt
to prosecute a "PRELIMINARY HEARING".

F.      Attorney's fees pursuant to 42 U.S.C
1988(b); 42 U.S.C 1983; and

G.      for such other and further relief as
to the Court deems just and true.

Respectfull Submitted

_Nozwor Ghost_

11-2-16

SWORN TO BEFORE ME THIS

_____DOY OF_____2016

_____

NOTARY PUBLIC

NAQUAN Gladden 349160649
125 White St
N.Y. N.Y. 10013



Pro Se
11/9/16     GP

United States District Court

Southern District Of New York

500 pearl Street

NewYork, N.Y. 10007



RECEIVED
NOV 09 2016
CLERK'S OFFICE
S.D.N.Y.



USM P3
SDNY